**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30269 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00140-JO-3 |
| v. | |
| DANIEL G. KIRAZ, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30272 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00140-JO-2 |
| v. | |
| GEORGE D. KIRAZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued and Submitted October 5, 2017
Portland, Oregon

Before: O'SCANNLAIN, PAEZ and BEA, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

George and Daniel Kiraz were both involved in a family-run strip-club business owned by David Kiraz (George's son and Daniel's brother). The Government alleged that the Kiraz family engaged in a scheme to underreport the clubs' income by failing to report door fees, which were charged for customer entry, and house fees, which were charged for working as a dancer. George and Daniel were both convicted of violating 18 U.S.C. § 371 and 26 U.S.C. § 7206(2) for participating in a conspiracy to defraud the United States and aiding and assisting in the preparation of false and fraudulent tax returns for tax year 2010. George was additionally convicted of aiding and assisting in the preparation of false and fraudulent tax returns for tax years 2008 and 2009. Pursuant to Fed. R. Crim. P. 29, both George and Daniel moved for judgments of acquittal, which the district court denied, and they have timely appealed. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

The jury heard evidence that George participated in a scheme to maintain two separate sets of books–an accurate, unreported set, and an inaccurate, reported set–with the goal of setting aside the house and door fees for his family, and that he helped mislead the clubs' tax preparers on several occasions. The jury also heard evidence that Daniel knowingly aided in the scheme to maintain two sets of books, and that he answered the tax preparer's questions for tax year 2010 on club expenditures. Despite knowing that the financial documents in the tax preparer's

2

possession were missing house and door fees, at no point during his conversation with the tax preparer did Daniel raise the omission. Therefore, taken in the light most favorable to the government, the evidence adduced at trial was sufficient to enable a rational trier of fact to find beyond a reasonable doubt the essential elements of each conviction. *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc).

**AFFIRMED**.